NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN CLARKE,<br><br>        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Civil Action No.: 09-61 (JLL)<br><br><br>OPINION |

**LINARES**, District Judge.

      This matter comes before the Court on the motion of Petitioner Brian Clarke to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent the United States of America ("the Government") submitted an answer to the motion. This Court has considered both parties' submissions and finds that, because the issue presented is purely legal, an evidentiary hearing is not required. For the reasons set forth below, Mr. Clarke's motion is denied.

I.    BACKGROUND

      Mr. Clarke entered into a written plea agreement with the Government on December 8, 2005. (See United States v. Clarke, No. 05-cr-902, CM/ECF No. 21.) In Paragraph 15 of Schedule A of the plea agreement, Mr. Clarke waived his right "to file any appeal, any collateral attack, or any other writ or motion . . . which challenges the sentence imposed by the sentencing court if that sentence falls within or below [a specified guidelines range]." (Id. at 8.) However, also under this paragraph, the "parties reserve[d] any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category." (Id.)

At the sentencing hearing, Mr. Clarke's attorney, Mr. Blaney, objected to the inclusion of three juvenile offenses in the calculation of his criminal history category. Two of the offenses were committed when Mr. Clarke was under seventeen; he was seventeen at the time of the third offense. The inclusion of the three juvenile offenses represented an six point increase in his criminal history calculation, a two point increase for each offense. At the sentencing hearing, the following exchange occurred regarding inclusion of these juvenile offenses in Mr. Clarke's criminal history calculation:

> Mr. Blaney: There is case law cited . . . in a memo I submitted, which gives Your Honor broad discretion to recognize that such activity, although available to charge pursuant to the guidelines, is also available to Your Honor in your discretion to recognize that these are offenses–these are crimes committed by somebody 14 years old . . . .
> (Answer, Ex. B, Sentencing Hearing, June 15, 2006, Tr. 7:1-7.)
> * * *
> Court: Let's talk about the nature of your objection. You are not saying, as I understand it, that these juvenile convictions are excluded in the guidelines. You are saying . . . that they are part and parcel of the guidelines, Judge, but you have discretion to not include it as part of the Criminal History Category because of his age at the time they were committed, so in essence the argument you are making is that it overstates the Criminal History argument, right?
> Mr. Blaney: And it overstates intent . . . .
> (Id. at 9:9-18.)

This Court declined to exercise its discretion, including all three juvenile offenses in its criminal history calculation. (Id. at 22:25-24:3.) Mr. Blaney appealed Mr. Clarke's sentence challenging the criminal history calculation. In its decision affirming this Court's sentence, the Third Circuit stated: "[Mr.] Clarke concedes that he committed offenses while he was an adolescent that the District Court could properly take into account under the Sentencing Guidelines in setting his sentence[;] [h]is claim is limited to the argument that the District Court abused its discretion and imposed an unreasonable sentence by its 'strict adherence to the Sentencing Guidelines.'"

United States v. Clarke, 239 Fed. Appx. 739, 740 (3d Cir. 2007) (quoting Mr. Blaney's appellate brief filed on behalf of Mr. Clarke).

In his petition for relief under § 2255, Mr. Clarke argues that his attorney was ineffective because he failed to argue that two of his juvenile offenses, those committed when he was under seventeen, were not properly considered in determining his criminal history category under the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") because under New York's youthful offender laws they were not deemed judgments of conviction. He "concedes that 4 points for prior convictions at age 17 and 20 are appropriate." (Pet. Reply Br., at 4." In its Answer, the Government argues that Petitioner has already litigated this issue on direct appeal and that it should not be re-litigated in this collateral attack on his sentence.

## II.     LEGAL STANDARD

A prisoner in federal custody may file a motion in the trial court challenging the validity of his sentence under 28 U.S.C. § 2255. See Morelli v. United States, 285 F. Supp. 2d 454, 458 (D.N.J. 2003). Pursuant to § 2255, a prisoner shall be released from custody if the sentence "(1) was imposed in violation of the Constitution or laws of the United States; (2) was imposed by a court lacking jurisdiction; (3) was in excess of the maximum authorized by law; or (4) is otherwise subject to collateral attack." Id. at 458 (citing § 2255). To establish a right to habeas corpus relief, a prisoner must demonstrate that the sentence has a fundamental defect resulting in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. See, e.g., United States v. DeLuca, 889 F.2d 503, 506 (3d Cir. 1989); Morelli, 285 F. Supp. 2d at 458-59. However, "[a] writ of habeas corpus does not encompass all sentencing errors, and should not be used as a substitute for direct appeal." Sasonov v. United

States, 575 F. Supp 2d 626, 631 (D.N.J. 2008).  Additionally, "[o]nce a legal argument has been litigated and decided adversely to a criminal defendant at his trial and on direct appeal, it is within the discretion of the district court to decline to reconsider those arguments if raised again in collateral proceedings under 28 U.S.C. § 2255."  United States v. Orejuela, 639 F.2d 1055, 1057 (3d Cir. 1981).  Finally, in considering a § 2255 motion, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record."  United States v. Booth, 432 F.3d 542, 546 (3d Cir. 2005).

### III.    DISCUSSION

As indicated above, Petitioner claims that habeas relief is warranted because his attorney was ineffective for failing to argue that two of his juvenile offense were not properly considered in calculating his criminal history category under the Guidelines.  The Government's sole response is that this issue was previously litigated at the sentencing and then on direct appeal and, as such, should not be re-litigated here.  This Court disagrees with the Government that the issue Mr. Clarke presently raises was previously litigated.

Mr. Blaney, Mr. Clarke's attorney, stated at Mr. Clarke's sentencing that the juvenile offenses were "available to charge pursuant to the guidelines," arguing instead that the court should exercise its discretion in declining to strictly follow the Guidelines.  This Court clarified by asking Mr. Blaney: "You are not saying, as I understand it, that these juvenile convictions are excluded in the guidelines."  The Third Circuit, in its opinion affirming the sentence, stated that "[Mr.] Clarke concedes that he committed offenses while he was an adolescent that the District Court could properly take into account under the Sentencing Guidelines in setting his sentence." This is not what Mr. Clarke is arguing here.  Here, Mr. Clarke is arguing that, according to the

classification of two of his juvenile offenses under New York law, it was not proper to take them into account in calculating his criminal history category, and that his attorney's failure to make this argument below was deficient and prejudiced him.  Therefore, this Court will address the merits of Mr. Clarke's ineffective assistance of counsel argument.

In order to sustain an ineffective assistance of counsel claim, a petitioner must establish both deficient performance and resulting prejudice.  See Strickland v. Washington, 466 U.S. 668, 697 (1984); see also Jacobs v. Horn, 395 F.3d 92, 102 (3d Cir. 2005).  The prejudice prong is satisfied if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  If a petitioner cannot demonstrate prejudice, then the court does not have to determine whether counsel's alleged errors were constitutionally deficient.  See id. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").  Therefore, this Court begins by analyzing whether the outcome would have been different had Mr. Blaney argued that two of Mr. Clarke's juvenile offenses were not properly considered in calculating his criminal history category under the Guidelines.

Under New York law, an individual who is nineteen or under and who is convicted of a criminal charge but meets certain requirements may be deemed a "youthful offender."  See United States v. Driskell, 277 F.3d 150, 152 (2d Cir. 2002).  "Upon determining that an eligible youth is a youthful offender, the court must direct that the conviction be deemed vacated and replaced by a youthful offender finding."  Id. at 152-53 (citing  N.Y. Crim. Proc. Law § 720.20(3)); see also N.Y. Crim. Proc. Law § 720.35(1) ("[A]djudication [as a youthful offender]

is not a judgment of conviction for a crime or any other offense.")  Generally, "[a] person who is under the age of sixteen, but deemed criminally responsible under the penal law is known as a 'juvenile offender.'"  Id. at 155.

In Driskell, the defendant challenged his sentence arguing that a juvenile offense was improperly included in the calculation of his criminal history category under U.S.S.G. § 4A1.2(d)(1) because he had been adjudicated as a youthful offender under New York law, and under New York law such adjudications are not judgments of conviction.  Id. at 151.  Section 4A1.2(d)(1) provides: "If the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add 3 points under § 4A1.1(a) for each such sentence."  The Second Circuit held that, in determining the criminal history category under the Guidelines, "[r]ather than finding New York's label conclusive, we believe the better course is for a district court to examine the substance of the prior conviction at issue; to 'focus on the nature of the proceedings, the sentences received, and the actual time served.'"  Id. at 154, 157 (quoting United States v. Pinion, 4 F.3d 941, 944 (11th Cir. 1993)); see also United States v. Morales, No. 08-3299, 2009 U.S. App. LEXIS 11794 (3d Cir. June 2, 2009) (unreported) (citing Driskell, finding its reasoning persuasive, and reaching the same conclusion on similar facts); United States v. Carrillo, 991 F.2d 590 (9th Cir. 1993).  The Driskell court also noted that "[e]xamining the substance of the prior conviction and the resulting sentence rather than the label the relevant state chooses to place on it has the further advantage of 'avoiding unwarranted sentencing disparities among defendants with similar records,' but who are labeled differently depending on the jurisdiction where they committed their offense."  Driskell, 277 F.3d at 158 (quoting 28 U.S.C. § 991(b)(1)(B)).

Here, Mr. Clarke challenges four points used to calculate his criminal history category, two points each for two juvenile offenses committed when he was under seventeen, for which he was adjudicated as a youthful offender. (See, e.g., Pet. Mot., Ex. B, Tr. of Juvenile Plea.) The points were used in his criminal history calculation pursuant to U.S.S.G. § 4A1.2(d)(2)(A) which instructs to "add 2 points under § 4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense." Mr. Clarke does not contest that he was sentenced to confinement for at least sixty days or that the offenses where committed within five years of his instant offense. Instead, like in Driskell, he argues that, under New York law, these offenses did not result in a judgment of conviction and so should not be considered at all in the calculation. As discussed above, this argument was not successful in Driskell even where the points were added under U.S.S.G. § 4A1.2(d)(1) which applies "if the defendant was convicted." Notably, unlike § 4A1.2(d)(1), the points added under § 4A1.2(d)(2)(A), as in the present case, are added for a "sentence to confinement" not a "conviction." Therefore, Mr. Clarke's argument is even less persuasive than the one made in Driskell. Looking to the substance of the offenses committed and the relevant *sentences of confinement* this Court finds that the two offenses, and the corresponding four points, were properly included in the calculation of Mr. Clarke's criminal history category. Therefore, even if Mr. Blaney had made this argument at his sentencing, the outcome of the sentencing would have been the same; Mr. Clarke has not demonstrated any prejudice as a result of Mr. Blaney not making this argument. Having found no prejudice, this Court need not consider whether Mr. Blaney's omission was constitutionally deficient. This Court finds that Mr. Clarke has failed to demonstrate that Mr. Blaney's representation was

ineffective, and his petition for habeas relief is accordingly denied.

### IV.     MOTION FOR RECORDS

Mr. Clarke has separately filed a "Motion for Filing the Record Pursuant to 28 USC F.C.R.P. Under Rule 17." Mr. Clarke "requests that this Court enter said motion and schedule [its] examination of procedural evidence, testimony, briefs, and transcripts . . . ." This Court construes this motion as a request for discovery and/or an evidentiary hearing. Section 2255 provides that "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto . . . ." 28 U.S.C. § 2255. However, a hearing is not always necessary. See, e.g., Brown v United States, 556 F.2d 224, 227 (3d Cir. 1977) (holding that no hearing was necessary where no new evidence was submitted that was not known to the defendant and counsel at trial). In the present case, the Court has accepted as true the facts put forth by Mr. Clarke in his Petition. The issue, as discussed above, is a legal one–whether adjudication under New York law as a "juvenile offender" or "youthful offender" precludes those offenses from consideration in the calculation of a defendant's criminal history category under the Guidelines. Therefore, further exploration of the facts, whether through additional discovery or a hearing, is unnecessary; the relevant facts are not disputed. This Court denies his motion for an evidentiary hearing or additional discovery finding that the record in this case conclusively shows that he is not entitled to relief under 28 U.S.C. § 2255.

### V.     CONCLUSION

For the reasons discussed above, Petitioner Brian Clarke's motion to vacate, set aside, or

correct his sentence pursuant to 28 U.S.C. § 2255 is denied.  The Court further finds that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).  An appropriate order accompanies this opinion.

DATED: October 6, 2009                        /s/ Jose L. Linares
                                              JOSE L. LINARES
                                              UNITED STATES DISTRICT JUDGE